*STATE OF RHODE ISLAND* *PROVIDENCE, SC*
*SUPERIOR COURT*

*NEW ENGLAND ECOLOGICAL DEVELOPMENT, INC and LOUIS VINAGRO* :

-VS- : C.A. NO. 05-

*HARTFORD FIRE INSURANCE COMPANY* :

LAW DEPARTMENT
APR 07 '05
RECEIVED

**COMPLAINT**
**FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

1. Plaintiff, New England Ecological Development, Inc. ("NEED") is a corporation organized and licensed to do business in the State of Rhode Island.

2. NEED is in permanent receivership pursuant to an Order of the Providence Superior Court dated September 26, 2002.

3. NEED formerly operated a construction and demolition debris processing facility, transfer station and wood recovery facility located at 23 Greenhill Road, Johnston, Rhode Island.

4. Plaintiff Louis Vinagro ("Vinagro") is a resident of the Town of Johnston, State of Rhode Island and at all times material hereto was the sole shareholder of all the issued and stock of NEED.

5. Upon information and belief, Defendant Hartford Fire Insurance Company ("Hartford") is a corporation licensed and registered to do business in the State of Rhode Island.

6. Hartford's principle place of business is Hartford Plaza, Hartford, Connecticut, and is in the business of issuing policies of commercial liability and fire insurance.

7. On or about May 18, 2002, Hartford issued a policy for commercial/inland marine insurance coverage to NEED under Policy #02 MS IB 3540 02 (the "Policy") for a term expiring on April 20, 2003. A copy of the Policy is annexed to this Complaint as Appendix A.

8. The Policy insured certain articles of equipment which were specifically delineated on the Schedule of Property annexed to the Policy.

9. Vinagro was the Guarantor of NEED's obligations.

10. On or about August 24, 2002, a fire occurred at the NEED facility.

11. As a result of said fire, certain pieces of machinery and equipment that were covered under the policy were either damaged or destroyed. A number of the pieces of the machinery and equipment that were damaged or destroyed were the subject of certain Security Agreements that had been personally guaranteed by Vinagro..

12. On or about December 10, 2004, pursuant to R.I. Gen. Laws § 27-7-2.2 NEED/Vinagro, through its insurance adjuster, American Reconstruction, Inc., made demands upon the Hartford in the amount of $220,900 with respect to the damages sustained in the fire of August 24, 2002. A copy of the Demand Letter is annexed hereto as Appendix B.

13. By correspondence dated January 7, 2005, the Hartford denied NEED's request for coverage of the loss sustained in the fire of August 24, 2002 a copy of the denial is annexed hereto as Exhibit C.

## COUNT I
## (Declaratory Judgment)

14. NEED incorporates by reference the factual allegations set forth in Paragraphs 1 through 13 of this Complaint as if fully set forth in this Count.

15. The Hartford is obligated under the express terms of the Policy to provide coverage to NEED for losses it sustained in the fire of August 24, 2002.

16. The Hartford has refused to pay the claim, or provide coverage for the claim submitted by NEED, pursuant to the terms and conditions of the Policy.

17. NEED is a party to the Policy, and is entitled to a determination of its right under the Policy, pursuant to R.I. Gen. Laws § 9-30-2.

*Wherefore*, NEED prays that this Court issue judgment against the Hartford under the Uniform Declaratory Judgment Act, R.I. Gen. Laws § 9-30-1 through 9-30-16, declaring that the Hartford is obligated to provide coverage and pay for the loss sustained by NEED as a result of the fire on August 24, 2002, and to provide NEED such other relief as justice may require, including, without limitation, interests, costs of this action and reasonable counsel fees.

## COUNT II
## (Breach of Contract)

18. NEED incorporates by reference the factual allegations set forth in Paragraphs 1 through 17 of this Complaint as if fully set forth in this Count.

19. The Hartford is obligated under the express terms of the policy to provide coverage, and to pay for the loss sustained by NEED in the fire of August 24, 2002.

20. The Hartford has refused to comply with its obligation under the Policy, in breach thereof, whereby NEED and/or Vinagro have suffered damages.

*Wherefore*, NEED prays that this Court issue judgment against Hartford in an amount to be determined, together with such other relief as NEED may be entitled to, including, without limitation, interest, costs of this action and reasonable counsel fees.

**COUNT III**
**(Bad Faith)**

21. NEED incorporates by reference the factual allegations set forth in Paragraphs 1 through 20 of this Complaint as if fully set forth in this Count.

22. The Hartford's failure to comply with the expressed terms and conditions of its Policy to its insured NEED constitutes bad faith.

*Wherefore*, NEED requests judgment against Hartford in an amount to be determined at Trial, and that it be awarded such other relief as NEED may be entitled to, including, without limitation, interest, costs of this action and reasonable counsel fees.

Plaintiff's
By their attorney,

Barbara E. Grady, Esq. #5196
170 Westminster Street
Suite 601
Providence, RI 02903
(401) 351-4800

Plaintiff demand Trial by Jury