1001-8415

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

NEW ENGLAND ECOLOGICAL DEVELOPMENT, INC. AND LOUIS VINAGRO

vs.

HARTFORD FIRE INSURANCE COMPANY

**C.A. NO. 05-177 ML**

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT HARTFORD FIRE INSURANCE COMPANY**

Now comes the defendant, Hartford Fire Insurance Company ("Hartford"), and for its Answer to the Plaintiffs' Complaint for Declaratory and Injunctive Relief and Damages Answers as follows:

1. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

2. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 2 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

3. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 3 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

4. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.



4

9. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

10. Admitted.

11. The defendant is without sufficient information to admit or deny the allegations set forth in paragraph 11 of the plaintiffs' Complaint and therefore puts the plaintiffs to their proof.

12. The defendant admits that it received a sworn statement and Proof of Loss from American Reconstruction, Inc. dated December 10, 2004 purporting to make demand upon it for $220,900, but otherwise denies any legal characterization of this claim as set forth in paragraph 12 of the plaintiffs' Complaint.

13, Admitted.

COUNT I
(Declaratory Judgment)

14. Defendant repeats and realleges its responses to paragraphs 1 through 13 of the plaintiffs' Complaint as if fully realleged herein.

15. Denied.

16. Denied.

17. This paragraph describes the plaintiffs' claim for relief and therefore requires no response. To the extent that a response is required, defendant denies that the plaintiffs are entitled to the relief claimed.

COUNT II
(Breach of Contract)

18. Defendant repeats and realleges its responses to paragraphs 1 through 17 of the plaintiffs' Complaint as if fully realleged herein.

19. Denied.

20. Denied.

COUNT III
(Bad Faith)

21. Defendant repeats and realleges its responses to paragraphs 1 through 20 of the plaintiffs' Complaint as if fully realleged herein.

22. Denied.

AND FURTHER ANSWERING, defendant, Hartford Fire Insurance Company sets forth the following Affirmative Defenses to the plaintiffs' Complaint:

FIRST AFFIRMATIVE DEFENSE

The plaintiffs' Complaint and each and every count fails to describe a cause of action for which recovery may be had against this defendant.

SECOND AFFIRMATIVE DEFENSE

Plaintiffs have no right of recovery under the Hartford policy to the extent that either or both are not entitled to claim coverage as an insured thereunder.

THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims for coverage are barred insofar as they have failed to comply with all conditions precedent to coverage or recovery under this policy.

FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims for coverage under the Hartford policy are barred to the extent that the subject matter of these claims are for damage to property that was not insured under the Hartford policy.

FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred to the extent that they loss for which they seek coverage was subject to a peril excluded from coverage under the Hartford policy.

SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred to the extent that the losses in question were not fortuitous.

SEVENTH AFFIRMATIVE DEFENSE

Any claim for coverage under this policy is barred by reason of the dishonest acts of the insured or its partners or any authorized representatives or employees.

EIGHTH AFFIRMATIVE DEFENSE

Any claim for coverage under this policy is barred by reason of the insureds' fraud, intentional concealment or misrepresentation of material fact concerning the policy, the insured property or a claim under the policy including fraud and false swearing under an examination under oath.

NINTH AFFIRMATIVE DEFENSE

Any claim for coverage under this policy is defeated by reason of the plaintiffs' failure to cooperate with the Hartford in the investigation of this claim and its failure to otherwise comply with those duties in the event of loss set forth in Condition C to the Hartford policy.

TENTH AFFIRMATIVE DEFENSE

Any claim for coverage under this policy is defeated by reason of the insureds' failure to comply with the express terms and conditions of the policy.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from pursuing this lawsuit by reason of its failure to satisfy conditions precedent to any suit under the policy, including the submission of any dispute with respect to its loss to appraisal.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims under the policy are barred by reason of its failure to give timely notice of this loss.

THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery under this policy is limited to the limits of coverage.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that either or both of the plaintiffs lacked an insurable interest in the subject property at the time of loss.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for loss are barred insofar as the plaintiffs' sworn statement in proof of loss overstated the value of the damaged equipment or sought recovery for damages in excess of the limits of insurance set forth for such items in the Schedule of Property covered in the Commercial Inland Marine coverage.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are defeated insofar as plaintiffs have failed to bring suit within the applicable statute of limitations.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are defeated insofar as they are subject to the doctrine of laches, waiver or estoppel.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have no right of action to seek recovery against Hartford for bad faith as Hartford has acted at all times reasonably in its interpretation and application of its policy.

HARTFORD FIRE INSURANCE COMPANY,
By its Attorneys,

**MORRISON MAHONEY LLP**

Michael J. Marcello, #5221
121 South Main Street, Suite 600
Providence, RI 02903-7141
Tel: (401) 331-4660
Fax: (401) 351-4420

Dated: May 2, 2005

**CERTIFICATION**

I hereby certify that on the 2nd day of May, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Barbara E. Grady, Esquire
170 Westminster Street, Suite 601
Providence, RI 02903

Katy N. Berdugo
______________________

**CERTIFICATION**

I hereby certify that on the 3rd day of May, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Barbara E. Grady, Esquire
170 Westminster Street, Suite 601
Providence, RI 02903

Katy N Berdugo



589029v1